**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

KENRANCE T. ROACH,

Petitioner,

v.

WARE COUNTY SHERIFF'S OFFICE,

Respondent.

CIVIL ACTION NO.: 5:26-cv-716

# REPORT AND RECOMMENDATION

Petitioner Kenrance Roach ("Roach") failed to comply with the Court's June 2, 2026 directive. Doc. 2. As discussed in further detail below, I **RECOMMEND** the Court **DISMISS without prejudice** Roach's 28 U.S.C. § 2254 Petition, doc. 1, for failure to follow this Court's directive, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Roach leave to appeal *in forma pauperis* and a Certificate of Appealability.[1]

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Roach his suit is due to be dismissed. As indicated below, Roach will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

On June 2, 2026, Roach filed this cause of action under 28 U.S.C. §2254 to attack his conviction and sentence obtained in Ware County, Georgia. Doc. 1. The Clerk of Court notified Roach he had to either pay the requisite $5.00 filing fee or move to proceed *in forma pauperis* within 21 days of the June 2, 2026 directive. Doc. 2. There is nothing before the Court indicating this mailing was returned as undeliverable or otherwise failed to reach Roach. Roach has not responded to this directive, either by paying the requisite fee or moving to proceed on an *in forma pauperis* basis, and the time to do so has elapsed.

## DISCUSSION

The Court must now determine how to address Roach's failure to comply with this Court's directive. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Roach's Petition and **DENY** Roach leave to appeal *in forma pauperis*.

### I. Dismissal for Failure to Follow This Court's Directive

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.[2] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal

---

[2] Based on Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions. Additionally, under Rule 12 of the § 2254 Rules, the Federal Rules of Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the § 2254 Rules.

[3] In Wabash, the Court held a trial court may dismiss an action "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Roach his failure to comply with the Court's directive could result in dismissal of this action. Doc. 2.

Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding

dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Roach failed to comply with this Court's directive. Roach was given notice of the consequences of his failure to follow the Court's directive, and Roach has not made any effort to do so. Thus, the Court should **DISMISS without prejudice** Roach's § 2254 Petition for failure to follow this Court's directive and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Roach leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Roach has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Under Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." See also Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Roach's failure to follow this Court's directive and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Roach *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Roach's 28 U.S.C. § 2254 Petition, doc. 1, for failure to follow this Court's directive, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Roach leave to appeal *in forma pauperis* and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA